IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE FUNCHES,

        Petitioner,                   No. 2:12-cv-1503 JFM (HC)

    vs.

MICHAEL D. McDONALD,          ORDER AND

        Respondent.             FINDINGS & RECOMMENDATIONS

                                       /

        Petitioner, a state prisoner proceeding pro, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        Also pending is petitioner's August 13, 2012 motion to stay this action pending exhaustion of unexhausted claims.

/////

/////

/////

1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2009, petitioner was convicted by a jury of armed robbery and assault with a semi-automatic weapon, and assessed two enhancements. On September 9, 2009, petitioner was sentenced to a determinate state prison term of thirteen years.

On direct appeal, petitioner's appointed counsel raised the following grounds for relief: (1) it was prejudicial error to admit opinion testimony of gang officer that was based on unreliable hearsay, and (2) the court violated California Penal Code Section 654 when it imposed separate sentences for counts 1 and 2. See Doc. No. 1 at 67.

On March 16, 2011, the California Court of Appeal, Third Appellate District, affirmed the judgment. Doc. No. 1 at 67. Petitioner then appealed to the California Supreme Court, which, per petitioner, denied the petition on the same date that the intermediate appellate court affirmed the judgment, March 16, 2011. See id. Petitioner does not indicate whether he filed a petition for review with the United States Supreme Court.

Petitioner initiated this action on June 4, 2012 raising the following grounds for relief: (1) insufficiency of evidence; (2) prosecutorial misconduct; (3) ineffective assistance of trial and appellate counsel; (4) improper identification; and (5) the trial court erred when it failed to issue sua sponte instructions to the jury. None of these grounds are exhausted.

On July 17, 2012, petitioner filed a petition for collateral review in the Sacramento County Superior Court. See Pet.'s Decl. (Doc. No. 7 at 2).

DISCUSSION

In the pending motion, petitioner seeks a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) on the grounds that, on direct review, his appellate counsel failed to raise the grounds raised herein and that he has had limited access to the law library.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

In order to grant a stay, a district court may follow either the Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), procedures. However, petitioner does not qualify for a stay under either test. Under Rhines, 544 U.S. at 277, he has not shown good cause for his failure to exhaust his claim first in state court. His first reason for not having exhausted his claims is that counsel failed to raise them in state court. The Ninth Circuit has held that counsel's failure to include claims on direct appeal does not establish "good cause" to grant a pro se petitioner's request to stay a mixed federal petition under Rhines. Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect belief that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under Rhines for failure to exhaust claims earlier). A contrary conclusion would result in every represented habeas petitioner being able to argue that appellate counsel failed to raise certain issues against the petitioner's wishes to establish good cause. Hernandez v. California, 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010) (finding appellate counsel's refusal to present claims on appeal is common occurrence of everyone with unexhausted claims). If petitioner wanted to raise those issues and appellate counsel disagreed with him, petitioner could have raised them himself. Mere reliance on appellate counsel does

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

not comport with the guidance offered in Wooten as to good cause.  As a result, petitioner's assertion does not, without more, establish good cause for a stay under Rhines.  See Wooten, 540 F.3d at 1023-24.

Furthermore, petitioner's lack of access to a law library does not constitute good cause pursuant to Rhines.  "[T]he Constitution does not guarantee a prisoner unlimited access to a law library."  Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985).  See also Stull v. Hedgpeth, 2010 WL 1403942 (E.D. Cal. 2010).

The alternative Kelly test is also unhelpful to petitioner.  Under that procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71).  A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations.  Id. at 1141-43.  The problem for petitioner here is that all of his claims are unexhausted and, thus, cannot relate back to any remaining exhausted claims.  Dismissal of the unexhausted claims renders this action closed.  Thus, petitioner's motion must be denied.

Furthermore, petitioner is hereby advised that under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, all federal habeas petitions are subject to AEDPA's one-year statute of limitations.  See 28 U.S.C. § 2244(d).  The one-year limitations period applies to all federal petitions filed after the April 24, 1996 effective date of AEDPA.  As this petition was filed on June 4, 2012, AEDPA's statute of limitations applies.  Untimely petitions are barred from federal review.  See 28 U.S.C. § 2244(d).

1 Generally, a state prisoner challenging his custody has one year to file his federal
2 petition from the date on which his conviction became final by the conclusion of direct review,
3 or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d) (1)(A).
4 Calculating the timeliness of the federal petition requires more than simply looking at the date of
5 the final state court judgment and the date the federal petition was filed. That is because the
6 proper filing of a state habeas petition application concerning the pertinent conviction tolls the
7 one-year limitations period. See 28 U.S.C. § 2244(d)(2).

8 Here, the record reflects that the California Supreme Court denied review of
9 petitioner's direct appeal on March 17, 2011, and there is no assertion that petitioner raised his
10 claims before the United States Supreme Court. Petitioner's conviction therefore became final
11 ninety days after March 17, 2011 – that is, on June 15, 2011. See U.S. Supreme Court rule 13;
12 Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run
13 the following day, on June 16, 2011, and expired one year later, on June 16, 2012. Patterson v.
14 Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

15 The instant petition was filed in this federal court on June 4, 2012, before the
16 AEDPA filing deadline. However, AEDPA's statute of limitations is not tolled "during the
17 pendency of [a] ... federal habeas petition." Duncan v. Walker, 533 U.S. 167, 182 (2001).
18 Petitioner's state habeas petition, which was filed on July 17, 2012, was filed one month after the
19 AEDPA statute of limitations. Thus, it appears that any subsequent attempt to refile the instant
20 federal petition would be deemed untimely unless equitable tolling or the actual innocence
21 exception applies. The court makes no determination as to those matters here.

22 Based thereon, IT IS HEREBY ORDERED that:
23 1. Petitioner's motion to proceed in forma pauperis is granted;
24 2. The Clerk of the Court is directed to assign a district judge to this case; and
25 IT IS HEREBY RECOMMENDED that petitioner's request to stay this action be
26 denied and this action be dismissed.

1  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;func1503.stay